UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**ROGER H. KAYE and ROGER H. KAYE, MD
PC,** on behalf of themselves and all others similarly
situated**,**

Plaintiffs,

-vs.-

**AESTHERA CORPORATION,**

Defendant.

**09 CV _____**

**Class Action**

**Jury Demanded**

**NOVEMBER 30, 2009**

## COMPLAINT

Come now Plaintiffs Roger H. Kaye and Roger H. Kaye, MD PC, on behalf of themselves and all others similarly situated, and allege as follows:

## INTRODUCTION

1.     Roger H. Kaye and Roger H. Kaye, MD PC (hereinafter collectively "Plaintiffs") are bringing this action against Aesthera Corporation (hereinafter "Defendant") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA") and Conn. Gen. Stat. § 52-570c. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses. Connecticut enacted Conn. Gen. Stat. § 52-570c for similar reasons. Upon information and belief, Defendant has recently caused to be sent out over ten-thousand (10,000) unsolicited fax advertisements for its goods and/or services. Therefore, Defendant is liable to Plaintiffs and the proposed classes of similarly situated

persons under the TCPA and Conn. Gen. Stat. § 52-570c.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members, and is a class action in which at least one member of the class of Plaintiffs is a citizen of a state different from any defendant.

4.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' claims under Conn. Gen. Stat. § 52-570c.

5.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) since this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

6.     Roger H. Kaye is a citizen and resident of the State of Connecticut.

7.     Roger H. Kaye, MD PC is a Connecticut professional corporation with its principal place of business at 30 Stevens Street, Norwalk, Connecticut 06850.

8.     Upon information and belief, Defendant Aesthera Corporation is a Delaware corporation with its principal place of business at 6634 Owens Drive, Pleasanton, California 94588.

## DEFENDANT'S ILLEGAL ACTIONS

9.     Plaintiffs had at all relevant times to this action telephone service at 30 Stevens Street, Norwalk, Connecticut 06850 where Plaintiffs receive facsimile

2

transmissions (hereinafter "faxes").

10.     Upon information and belief, on or about September 2, 2009, September 8, 2009 and October 14, 2009, Defendant, without Plaintiffs' express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (hereinafter "the fax advertisements"), advertising the commercial availability or quality of any property, goods, or services, to Plaintiffs' fax machine located at 30 Stevens Street, Norwalk Connecticut 06850.  Copies of the fax advertisements are attached hereto as Exhibit A and are incorporated herein by reference.

11.     The fax advertisements were wholly unsolicited in that they were sent to Plaintiffs by Defendant without Plaintiffs' express invitation or permission.

12.     The fax advertisements do not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D).

13.     The fax advertisements do not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii).

14.     Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the fax advertisements to be sent to Plaintiffs' fax machine.

15.     Upon information and belief, Defendant has, from August 1, 2006 to the present either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States without

3

the express invitation or permission of the persons to whom the fax machines and/or computers belong.

16.    Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain the notices described in 47 U.S.C. § 227(b)(2)(D).

17.    Upon information and belief, Defendant has, from August 1, 2006 to the present either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited and/or solicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.

18.    Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain the notices described in 47 C.F.R. § 64.1200(a)(3)(iii).

### THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

19.    The Telephone Consumer Protection Act of 1991, Pub.L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

20.    In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

21.    In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

22.    As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

23.    47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

24.    47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class

are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

25.     47 C.F.R. § 64.1200(a)(3) provides that no person or entity may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

\*     \*     \*

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

26.    47 C.F.R. § 64.1200(a)(3)(iv) provides that:

[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section.

27.    Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, **or to receive $500 in damages for each such violation**, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

28.    47 U.S.C. § 312(f)(1) provides that  "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

## THE CONNECTICUT STATUTE

29.     Conn. Gen. Stat. § 52-570c(a)  provides that "[n]o person shall use a machine that electronically transmits facsimiles through connection with a telephone network . . . to transmit unsolicited advertising material . . . which offers to sell goods or services."

30.     Conn. Gen. Stat. § 52-570c(d) authorizes any person aggrieved by violations of § 52-570c(a) to bring a civil action requesting injunctive relief, $500 for each violation and costs and attorneys fees.

### Class Allegations

31.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

32.     Plaintiffs seek to represent three classes of individuals defined as follows:

Class A: All persons in the United States to whom, from August 1, 2006 through the present, Defendant sent or caused to be sent a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), using a telephone facsimile machine, computer, or other device, without the persons' express invitation or permission.

Class B: All persons in the United States to whom, from August 1, 2006 through the present, Defendant sent or caused to be sent a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), using a telephone facsimile machine, computer, or other device.

Class C: All persons in the State of Connecticut to whom, from two years prior to the filing of the instant Complaint to the present, Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services.

33.     Classes A, B and C are hereinafter referred to collectively as the Classes.

34.     Numerosity:  The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

35.     Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C.

36.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's fax and marketing records.

37.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

38.     Typicality:  Plaintiffs' claims are typical of the claims of the members of Class A. The claims of the Plaintiffs and members of Class A are based on the same legal theories and arise from the same unlawful conduct.

39.     Plaintiffs and members of Class A each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods,

or services, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), which Defendant sent or caused to be sent without Plaintiffs' and the members of Class A's express invitation or permission.

40.     Plaintiffs' claims are typical of the claims of the members of Class B. The claims of the Plaintiffs and members of Class B are based on the same legal theories and arise from the same unlawful conduct.

41.     Plaintiffs and members of Class B each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), which Defendant sent or caused to be sent.

42.     Plaintiffs' claims are typical of the claims of the members of Class C. The claims of the Plaintiffs and members of Class C are based on the same legal theories and arise from the same unlawful and willful conduct.

43.     Plaintiffs and members of Class C each received at least one unsolicited fax advertisement, advertising the commercial availability or quality of any property, goods, or services which Defendant sent or caused to be sent.

44.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes.

45.     The questions of fact and law common to Plaintiffs and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which

did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether Defendant' conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiffs and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiffs and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

46.     The questions of fact and law common to Plaintiffs and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), by facsimile, computer or other device violated 47 U.S.C. § 227(b);

(b) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which did not

11

contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiffs and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiffs and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

47.     The questions of fact and law common to Plaintiffs and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class C unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services, by facsimile, computer or other device violated Conn. Gen. Stat. Ann. § 52-570c(a);

(b) Whether Plaintiffs and the members of Class C are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiffs and members of Class C are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

48.     <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and have no interests antagonistic to the members of the Classes.  Plaintiffs have retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

49.   <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

50.   <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to the members of the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

## **AS AND FOR A FIRST CAUSE OF ACTION**

51.   Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

52.   By Defendant's conduct, described above, Defendant committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiffs and the

members of Class A to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of Class A were wholly unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D);

53.     Accordingly, Plaintiffs and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million dollars ($5,000,000).

54.     If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) to Plaintiffs and the members of Class A, Plaintiffs request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

55.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

56.      By Defendant's conduct, described above, Defendant committed more than ten-thousand (10,000) violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class B to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiffs and the members of Class B were either unsolicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), or were solicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) as required by 47 C.F.R. § 64.1200(a)(3)(iv);

57.     Accordingly, Plaintiffs and the members of Class B are entitled to

statutory damages under 47 U.S.C. § 227(b) in an amount greater than five million dollars ($5,000,000).

58.     If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiffs and the members of Class B, Plaintiffs request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

59.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

60.     By Defendant's conduct, described above, Defendant has committed numerous violations of Conn. Gen. Stat. § 52-570c(a) against Plaintiffs and the members of Class C to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of Class C were unsolicited by Plaintiffs and the members of Class C.

61.     Accordingly, pursuant to Conn. Gen. Stat. § 52-570c(d), Plaintiffs and the members of Class C are entitled to statutory damages, in an amount to be determined at trial, and the attorneys fees and costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

62.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

63.     As described above, upon information and belief, Defendant has committed numerous violations of 47 U.S.C. § 227(b) and Conn. Gen. Stat. Ann. § 52-

570c(a).

64.     Accordingly, under 47 U.S.C. § 227(b)(3)(A) and Conn. Gen. Stat. § 52-570c(d), Plaintiffs and the members of the Classes are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Classes, pray for:

A.     An order certifying the Classes and appointing Plaintiffs as the representatives of the Classes and appointing the law firms representing Plaintiffs as counsel for the Classes;

B.     An award to Plaintiffs and the members of Classes A and B of statutory damages, in excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute.

C.     If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements to classes A and/or B, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiffs and the members of Classes A and/or B in the preceding paragraph, to three times that amount described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations.  Plaintiffs will therefore seek an increase from an award in excess of $5,000,000 for each of classes A and B to an award in excess of $15,000,000 for each of Classes A and B against Defendant.

D.     An award to Plaintiffs and the members of Class C of an amount of statutory damages to be determined at trial.

16

E.    An injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

F.    An award to Plaintiffs and the members of Class C of the attorneys fees and costs of this action; and

G.    Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

> **ROGER H. KAYE and ROGER H. KAYE, MD PC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED**
>
> By: _____
> Glenn A. Duhl ct03644
> Siegel, O'Connor,
>         O'Donnell & Beck, P.C.
> 150 Trumbull Street, 5th Floor
> Hartford, CT 06103
> (860) 280-1215
> Fax: (860) 527-5131
> gduhl@siegeloconnor.com

Aytan Y. Bellin, Esq. (will be moving for admission *pro hac vice*)
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345

# EXHIBIT A

# *Back to School-Back to Acne*

## Take advantage of our "Back to School" Special on Isolaz!

Introducing

# isōlaz

DEEP PORE LAZR THERAPY

Powered by Photopneumatics



### 5 Innovative Multi-Application System for:

**Now with PROFUSION!**
- Acne Deep Pore-Cleansing (IAC)
- Skin Rejuvenation (ISR)
- Hair Removal (IHR)

- Transdermally infuse your customized topicals 10X deeper through the stratum corneum with greater uniformity
- Turn back time without using expensive fractionated procedures

### 4 Only System Cleared to Treat Comedonal & Pustular Acne with immediate results

- Viable alternative to Accutane and Oral Antibiotics
- Visible improvement in acne clearance 24 – 48 hrs post treatment
- 94 % clearance in 4 treatments

### 3 Isolaz is Comfortable & Quick!

- Full face in less than 20 minutes
- *No numbing gels needed- evaporative cooling*
- Allows you to fit treatments right into your office patient flow without skipping a beat

### 2 Back to School & Interest Free Special

- Take advantage of phenomenal pricing while increasing revenue in your practice
- Interest Free Financing Available through September 21st

### 1 The Media Loves IsolazPro... and so will You

- Featured on "The Doctors, Today Show and Good Morning America".
- Summer Features in "*New Beauty, Martha Stewart Weddings, Allure, Oprah*", and many more.

## Call Today for a 30 Minute In-Office Demo
### Ask About Our Back to School Special!

Name/specialty

Contact

Address _____ State _____

Telephone _____

**Please fax 484-356-3735 or
Call 866-557-6514**

You may request the sender not to send future faxes to your fax machine by calling 800-440-6358, ext.38190 or faxing 925-397-3188 and identifying your fax machine number. Failure to comply with your request within 30 days is unlawful.

2009.™ ***You have heard about it... Now see for yourself....

# prōfusion™

SKIN THERAPY

*Active Acne * Deep Pore Cleansing * Skin Rejuvenation * Hair Removal*

Call today for a free 20 minute presentation 484-256-3735
or fill out the information below and fax to 866-557-6514

Name _____           Contact _____

Phone _____          Address _____

City _____    State _____  ZIP _____

The first non-invasive transdermal topical delivery system.... *Reduce the signs of aging -with no down time....* Join an exclusive team of innovators-Act now and mention $5,000 off fall promo.   On all new lease or purchases prior to Oct 1.

You may request the sender not to send future faxes to your fax machine by calling 800-440-6358, ext 38190 or faxing 925-397-3188 and identifying your fax machine number. Failure to comply with your request within 30 days is unlawful.


isolaz pro.

# OCTOBER SPECIAL!!!

## Isolaz is the Gold Standard for Clearing Acne. Over 1000 Happy Doctors treat their patients with Isolaz.

## For a limited time **30%** off fully loaded Isolaz units purchased through the end of this month!!!

*Call Jackie today to or fax inset up an in office demonstration.*

*484-256-3735 or fax to 1-866-557-6514*

Contact _____     Phone Number _____

You may request the sender not to send future faxes to your fax machine by faxing 925-397-3188 or  by calling 800-440-6358 x 38190- and identifying the number of your fax machine. Failure to comply with your request within 30 days is unlawful.