```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| ROGER H. KAYE & ROGER H. KAYE, MD PC, on behalf of themselves and all others similarly situated, | Case No. 09 CV 1947 (VLB) |
| | ECF CASE |
| Plaintiffs, | |
| v. | |
| AESTHERA CORPORATION, | |
| Defendant. | |

## AMENDMENT NO. 2 TO CLASS SETTLEMENT AGREEMENT

This Amendment No. 2, dated May 31, 2012, to the Class Settlement Agreement dated June 24, 2010 (the "Original Settlement Agreement"), as amended on August 19, 2011 (the "Amended Settlement Agreement"), is hereby entered into by and between Roger H. Kaye and Roger H. Kaye, MD PC (collectively, "Kaye"), individually and as representatives of a class of all similarly situated persons (the "Settlement Class"), on the one hand, and Aesthera Corporation ("Aesthera"), as further defined in Section Two of the Original Settlement Agreement, on the other hand, sometimes collectively referred to herein as the "Parties," by and through their respective undersigned counsel.

### RECITALS

WHEREAS, the Original Settlement Agreement was executed by the Parties and their respective counsel on or about June 24, 2010;

WHEREAS, the Original Settlement Agreement was amended on August 19, 2011;

WHEREAS, on March 20, 2012, Kaye filed an unopposed motion for final certification of a settlement class and final approval of the Amended Settlement Agreement and notice to the class (the "Unopposed Motion");

WHEREAS, on March 27, 2012, a hearing was held before the District Court on the Unopposed Motion and the District Court directed counsel for Kaye to contact those persons who had filed claims asserting that they had received over 100 fax communications from Defendant regarding those claims;

WHEREAS, all of the persons who claimed to have received in excess of 100 faxes, had no evidence to substantiate that claim and have stipulated to receipt of a distribution from the Settlement Fund based upon a receipt of 100 faxes over the relevant period;

WHEREAS, the District Court has determined that the appropriate attorney's fees and costs to be paid to Kaye's counsel is $53,000;

WHEREAS, the District Court has determined that the appropriate incentive payment to Roger H. Kaye and Roger H. Kaye, MD PC for their roles as class representative shall be a $2,500 check made out to Roger H. Kaye, MD PC;

WHEREAS, the parties wish to amend Sections 3 and 6 of the Amended Settlement Agreement to reflect the above developments;

5

WHEREAS, the Parties do not intend to otherwise alter or amend the Amended Settlement Agreement, and all Recitals and Provisions of the Amended Settlement Agreement other than Section 3 and 6 shall remain fully in force;

NOW, THEREFORE, Sections 3 and 6 of the Original Settlement Agreement are hereby amended to read as follows:

3.      <u>Settlement Payment</u>.  Once the conditions set forth in Section Eleven, below, have been satisfied and subject to the conditions listed in Sections Four, Six and Seven below, Aesthera will pay $300,000 to the Settlement Fund, and each Settlement Class Member who timely and properly submits a claim form will receive a payment of $1,500 for each fax received except that each Settlement Class Member who received a fax in the State of Connecticut will receive a payment of $2,000 for each fax received within two years of the filing of the Complaint and $1,500 for each fax received more than two years prior to the filing of the Complaint. Notwithstanding anything in this Agreement to the contrary, any Settlement Class member who claims to have received over 100 faxes shall be limited to a recovery as if that person had only received 100 faxes unless that person can come forward with proof of having received more than 100 faxes. In the event that the total value of the properly submitted claims exceeds the total value of the amount available for distribution in the Settlement Fund, each properly submitted claim will be paid a *pro rata* share of the Settlement Fund,

and such *pro rata* shares will reflect the different maximum amounts payable for faxes received within the State of Connecticut within two years of the filing of the Complaint versus faxes received either outside the State of Connecticut or more than two years prior to the filing of the Complaint. An additional $2,500 will be paid from the Settlement Fund to Roger H. Kaye, MD PC. Any portion of the Settlement Fund that remains unclaimed after payments to Kaye, Plaintiffs' Counsel, and the claimants will be distributed to a *cy pres*, selected jointly by Kaye and Aesthera and approved by the Court. As determined by the Court, plaintiffs' counsel shall be paid $53,000 for attorneys' fees and expenses. The following terms and conditions must be met in connection with the submission of a Claim Form by a Settlement Class Member:

        a.    Receipt by Defendant or its nominee within thirty (30) days of the date of the notice described in Section Nine, below, of a copy of the fully executed Claim Form stating that the Settlement Class Member has reviewed the notice, affirming that the Settlement Class Member qualifies for a payment, stating the number of faxes received from Aesthera, the location of receipt, the approximate date of receipt, and stating the Settlement Class Member's full name, address and current facsimile number(s); and

        b.    Initial determination by the Parties that the claim is valid by finding that: (1) the claimant has not opted out of the Settlement Class; and that the executed Claim Form on its face appears to be genuine and appears to identify an eligible member of the Settlement Class.

        6.    <u>Attorneys' Fees and Expenses</u>. Plaintiffs' counsel shall be

7

and appears to identify an eligible member of the Settlement Class.

6. **Attorneys' Fees and Expenses**. Plaintiffs' counsel shall be paid $53,000 in attorneys' fees and costs. This amount shall be paid from the Settlement Fund as described in Section Seven of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Amendment No. 2 to the Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date first written above.

_____
ROGER H. KAYE
Individually and as representative of the
Class and the Settlement Class.

_____
ROGER H. KAYE, MD PC
Individually and as representative of the
Class and the Settlement Class.

_____
Aytan Y. Bellin, Esq.
BELLIN & ASSOCIATES LLC
85 Miles Ave.
White Plains, New York 10606
(914) 358-5345
(212) 571-0284 (fax)

Glenn A Duhl, Esq.
SIEGEL, O'CONNOR, O'DONNELL & BECK P.C.
150 Trumbull Street

8

Solta Medical, Inc.

By: John F. Glenn,

Chief Financial Officer

APPROVED:

Tonia Oullette Klausner
WILSON, SONSINI, GOODRICH & ROSATI. P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800
(212) 999-5899(fax)

Steven M. Coyle
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, Connecticut 06103
(860) 286-2929
(860) 286-0115 (fax)

9